Matthew N. Evans (7051)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, #1400
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543

*Attorneys for Defendant Nevada State Bank*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| 800 NRP, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>NEVADA STATE BANK, DOES 1-25, UNKNOWN PARTIES OF INTEREST,<br><br>        Defendants. | **DEFENDANT'S ANSWER TO COMPLAINT AND DEFENDANT'S AFFIRMATIVE DEFENSES**<br><br>Case No. 2:10cv01006<br><br>Judge Ted Stewart |

Defendant Nevada State Bank ("Nevada") hereby answers Plaintiff 800 NRP, LLC's ("800") Complaint and responds and alleges as follows:

**(Introduction)**

Nevada admits that 800 is in breach of contract. Nevada admits it loaned money to 800. Nevada denies the remaining allegations in the introduction. Nevada further states that the introduction refers to legal arguments and legal conclusions that are improper and on that basis denies those allegations.

**(Parties)**

1. Nevada admits the allegations contained in paragraph 1.

2. Nevada admits that Plaintiff is in breach of the loan agreement. Nevada denies the remaining allegations in paragraph 2.

3. Nevada admits that Plaintiff is in breach of the loan agreement. Nevada denies the remaining allegations in paragraph 3.

4. Nevada denies the allegations contained in paragraph 4.

5. Nevada denies the allegations contained in paragraph 5.

6. Nevada denies the allegations contained in paragraph 6.

7. Nevada denies the allegations contained in paragraph 7.

**(Background)**

8. Nevada states that paragraph 8 refers to contents of a document that speaks for itself and on that basis denies paragraph 8.

9. Nevada states that paragraph 9 refers to contents of a document that speaks for itself and on that basis denies paragraph 9.

10. Nevada denies the allegations contained in paragraph 10.

11. Nevada denies the allegations contained in paragraph 11.

12. Nevada denies the allegations contained in paragraph 12.

13. Nevada denies the allegations contained in paragraph 13.

14. Nevada denies the allegations contained in paragraph 14. Nevada further denies paragraph 14 on the basis that the same refers to contents of a document that speaks for itself.

15. Nevada denies the allegations contained in paragraph 15.

16. Nevada denies the allegations contained in paragraph 16.

17. Nevada denies the allegations contained in paragraph 17.

18. Nevada denies the allegations contained in paragraph 18. Nevada further denies paragraph 18 on the basis that the same refers to contents of a document that speaks for itself.

19. Nevada denies the allegations contained in paragraph 19.

20. Nevada denies the allegations contained in paragraph 20. Nevada further denies paragraph 20 on the basis that it assumes facts not into evidence.

21. Nevada denies the allegations contained in paragraph 21.

22. Nevada denies the allegations contained in paragraph 22. Nevada further denies paragraph 22 on the basis that the same refers to contents of a document that speaks for itself.

23. Nevada denies the allegations contained in paragraph 23. Nevada further denies paragraph 23 on the basis that the same refers to contents of a document that speaks for itself.

24. Nevada denies the allegations contained in paragraph 24.

25. Nevada relies upon evidence and information in paragraph 25 that is incorrect and on that basis Nevada denies the same.

26. Nevada relies upon evidence and information in paragraph 26 that is incorrect and on that basis Nevada denies the same.

27. Nevada relies upon evidence and information in paragraph 27 that is incorrect and on that basis Nevada denies the same.

28. Nevada relies upon evidence and information in paragraph 28 that is incorrect and on that basis Nevada denies the same.

29. Nevada denies the allegations contained in paragraph 29.

30. Paragraph 30 is not an allegation but is an assertion regarding the economy and capitalism. Nevada denies on the basis that the contents of paragraph 30 do not refer to Nevada and to the extent it does, those allegations are denied.

31. Nevada denies the allegations contained in paragraph 31.

32. Nevada relies upon evidence and information in paragraph 32 that is incorrect and on that basis Nevada denies the same.

33. Nevada relies upon evidence and information in paragraph 33 that is incorrect and on that basis Nevada denies the same.

34. Nevada relies upon evidence and information in paragraph 34 that is incorrect and on that basis Nevada denies the same.

35. Paragraph 35 calls for statements of speculation and are not allegations directed at Nevada and on those bases Nevada denies the allegations in paragraph 35.

36. Nevada relies upon evidence and information in paragraph 36 that is incorrect and on that basis Nevada denies the same.

37. Nevada relies upon evidence and information in paragraph 37 that is incorrect and on that basis Nevada denies the same.

38. Nevada denies the allegations contained in paragraph 38.

39. Paragraph 39 is a statement of belief not an allegation of facts, calls for speculation, assumes facts not in evidence, and on these bases Nevada denies this allegation.

40. Nevada denies the allegations contained in paragraph 40.

41. Nevada denies the allegations contained in paragraph 41 and lacks information about the actions of 800.

42. Nevada relies upon evidence and information in paragraph 42 that is incorrect and on that basis Nevada denies the same.

43. Nevada denies the allegations contained in paragraph 43.

44. Paragraph 44 is a statement of belief not an allegation of facts, calls for speculation, assumes facts not in evidence, and on these bases Nevada denies this allegation.

45. Nevada denies the allegations contained in paragraph 45.

46. Paragraph 46 is a statement of belief not an allegation of facts, calls for speculation, assumes facts not in evidence, and on these bases Nevada denies this allegation.

47. Paragraph 47 is a statement of belief not an allegation of facts, calls for speculation, assumes facts not in evidence, and on these bases Nevada denies this allegation.

48. Nevada lacks information sufficient to form a belief as to the allegations contained in paragraph 48 and on that basis denies the same.

49. Nevada denies the allegations contained in paragraph 49. Nevada further denies paragraph 49 on the basis that the same refers to contents of a document that speaks for itself.

50. Paragraph 50 is a statement of belief not an allegation of facts, calls for speculation, assumes facts not in evidence, and on these bases Nevada denies this allegation.

51. Nevada lacks information sufficient to form a belief as to the allegations contained in paragraph 51 and on that basis denies the same.

52. Nevada denies the allegations contained in paragraph 52.

53. Nevada denies the allegations contained in paragraph 53.

**(First cause of action)**

54. Nevada incorporates all preceding paragraphs as if fully set forth herein.

55. Nevada admits that 800 has a contract with Nevada and denies the remaining allegations.

56. Nevada denies the allegations contained in paragraph 56.

57. Nevada admits that 800 is in breach of the agreement.

58. Nevada denies the allegations contained in paragraph 58.

59. Nevada denies on the basis that the same refers to contents of a document that speaks for itself and otherwise denies the allegations contained in paragraph 59.

60. Nevada denies the allegations contained in paragraph 60.

61. Nevada denies the allegations contained in paragraph 61.

**(Second cause of action)**

62. Nevada incorporates all of the preceding paragraphs as if fully set forth herein.

63. Nevada denies paragraph 63 on the basis that it calls for a legal conclusion.

64. Nevada denies the allegations contained in paragraph 64.

65. Nevada denies the allegations contained in paragraph 65.

66. Nevada denies the allegations contained in paragraph 66.

67. Nevada denies the allegations contained in paragraph 67.

68. Nevada denies the allegations contained in paragraph 68.

**(Third cause of action)**

69. Nevada incorporates all proceeding paragraphs as if fully set forth herein.

70. Nevada denies the allegations contained in paragraph 70.

71. Nevada denies the allegations contained in paragraph 71.

72. Nevada denies the allegations contained in paragraph 72.

73. Nevada denies paragraph 73 on the basis that the same refers to the content of a document that speaks for itself.

74. Nevada denies paragraph 74 on the basis that it calls for speculation.

75. Nevada denies paragraph 75 on the basis that the same refers to contents of documents that speak for themselves and also calls for speculation.

76. Nevada denies on the basis that the same refers to contents of documents that speak for themselves and also calls for speculation.

77. Nevada denies on the bases that the same refers to contents of documents that speak for themselves and also calls for speculation.

78. Nevada denies the allegations contained in paragraph 78.

### (Fourth cause of action)

79. Nevada incorporates all preceding paragraphs as if fully set forth herein.

80. Paragraph 80 is not a statement of fact or allegation but a request to the Court and not directed to Nevada and, on that basis, Nevada denies the allegations contained in paragraph 80.

81. Paragraph 81 is not a statement of fact or allegation but a request to the Court and not directed to Nevada and, on that basis, Nevada denies the allegations contained in paragraph 81.

82. Paragraph 82 is not a statement of fact or allegation but a request to the Court and not directed to Nevada and, on that basis, Nevada denies the allegations contained in paragraph 82.

### (Prayer for relief)

Answering the un-numbered "Prayer for relief" section of the Complaint, Nevada specifically denies that 800 is entitled to the relief requested, or any relief whatsoever.

83. Nevada denies each and every allegation not specifically admitted herein.

### AFFIRMATIVE DEFENSES

Nevada alleges and asserts the following defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Nevada reserves the right to assert any other affirmative defenses as this action proceeds and as it determines the particulars of 800's claims that are not apparent on the face of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff 800's claims are barred because it was the first to materially breach the agreement.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff 800's claims are barred because it failed to satisfy conditions precedent to any obligations of Nevada.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff 800's unjust enrichment claims are barred because there is a contract between the parties.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff 800's equitable claims are barred under the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff 800's claims of good faith and fair dealing are barred because that claim does not create better terms under the contract between the parties.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff 800's claims are barred by the language of the contract between the parties.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff 800 has failed to mitigate its damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff 800's claims, in whole or in part, fail to state a claim upon which relief can be granted.

### NINTH AFFIRMATIVE DEFENSE

Nevada acted at all time in good faith.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff 800's claims are barred, in whole or in part, by its own improper actions, the actions of others, and/or the doctrines of waiver, latches, estoppel and unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff 800's damages, if any, were caused by acts or omissions of other parties or other individuals.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff 800's claims are barred by the doctrine of prior breach and legal excuse.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff 800's claims for damages are barred because it has not sustained any damages and has not suffered any harm caused by Nevada.

DATED this 21st day of October, 2010.

RAY QUINNEY & NEBEKER P.C.


 /s/ Matthew N. Evans
Matthew N. Evans
*Attorneys for Defendant*

1109150

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of October, 2010, a true and correct copy of the foregoing **DEFENDANT'S ANSWER TO COMPLAINT AND DEFENDANT'S AFFIRMATIVE DEFENSES** was filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

    Walter T. Keane
    WALTER T. KEANE, P.C.
    2825 Cottonwood Parkway
    Suite 500
    Salt Lake City, Utah 84121

                                              /s/ Shauna L. Beckstead