Matthew N. Evans (7051)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, 14th Floor
P.O. Box 45385
Salt Lake City, Utah  84145-0385
Telephone:  (801) 532-1500
Facsimile: (801) 532-7543
mevans@rqn.com

*Attorneys for Defendant Nevada State Bank*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| 800 NRP<br><br>Plaintiff, | **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND ALTERNATIVE MOTION TO COMPEL AND FOR SANCTIONS**<br><br>**(Oral Argument Requested)** |
| v.<br><br>NEVADA STATE BANK,<br><br>Defendant. | Case No. 2:10-cv-01006-TS<br><br>District Judge Ted Stewart |

Pursuant to Fed. R. Civ. P. 37, Defendant Nevada State Bank ("Defendant") submits the following memorandum in support of their motion to dismiss and alternative motion to compel and for sanctions against plaintiff 800 NRP ("Plaintiff").

## INTRODUCTION

This case should be dismissed because 800 NRP, LLC, a limited liability company, cannot continue in this case without being represented by counsel.  On April 28, 2011, this Court entered an order that permitted Plaintiff's counsel to withdraw and ordered new counsel to be appointed within 21 days.  21 days has now run and Plaintiff has not appointed counsel.  This case should therefore be dismissed.

Even if this Court does not dismiss this case based on Plaintiff's failure to appoint counsel, this case should still be dismissed as a sanction for Plaintiff's failure to comply with discovery in this case.  Plaintiff's counsel's motion to withdraw explains that Plaintiff's counsel sought to withdraw because the Plaintiff refused to cooperate in discovery in this case.  Among sanctions that are warranted when a party fails to comply with discovery in a case is dismissal of the action.

Alternatively, if the case is not dismissed, this Court should immediately compel Plaintiff to answer and respond to Defendant's first set of discovery requests previously served in this action.[1]  Defendant is also entitled to an award of its attorneys' fees for bringing this motion.

## STATEMENT OF FACTS

1.      On October 12, 2010, the Complaint filed by Plaintiff in Utah State Court was removed to this Court.

---

[1] Plaintiff cannot currently respond because it is not represented by counsel.

2. After entry of a scheduling order in this case, Defendant served Defendant's First Set of Requests for Admissions, Interrogatories, and Requests for Production of Documents ("Defendant's Discovery Requests") on Plaintiff on March 17, 2011.

3. Plaintiff has not responded to Defendant's Discovery Requests and the time for doing so has expired.

4. On April 19, 2011, Plaintiff's counsel, Walter Keane, filed a Motion for Withdrawal of Counsel Pursuant to DUCiv 84-1.4 (the "Withdrawal Motion") (Doc. 12).

5. In the Withdrawal Motion, Mr. Keane stated, "Counsel requests this withdrawal due to plaintiff's failure to comply with discovery requests which has prevented him from fulfilling his legal representation and plaintiff's failure to pay agreed upon legal fees." (Doc. 12).

6. On April 28, 2011, this Court entered an Order on Motion of Withdrawal of Counsel Pursuant to DUCiv 83-1.4 (the "Withdrawal Order") (Doc. 15).

7. The Withdrawal Order provided, "New counsel must file a Notice of Appearance within twenty-on (21) days after entry of this order unless otherwise ordered by the Court. Pursuant to Utah DUCivR 83.1.3, no corporation, association, partnership, or other artificial entity may appear pro se, but must be represented by an attorney who is admitted to practice in this court." (*See* Withdrawal Order.)

8. The Withdrawal Order also provided, "A party who fails to file a Notice of Substitution of Counsel or Notice of Appearance as set forth above, may be subject to sanctions pursuant to Federal Rule of Civil Procedure 16(f)(1), including but not limited to dismissal or default judgment." (*See* Withdrawal Order.)

9. Plaintiff has not filed a notice of substitution of counsel or notice of appearance within the 21 days provided by the Court.

## ARGUMENT

**I. THIS CASE SHOULD BE DISMISSED BASED ON PLAINTIFF'S FAILURE TO APPOINT COUNSEL.**

Plaintiff, a limited liability company, cannot proceed in this case without being represented by counsel.  *See* Withdrawal Order; *see also Perkins v. Commodity Futures Trading Comm'n*, Case No. 2:07-mc-00846, 2008 U.S. Dist. LEXIS 2389, *2 (D. Utah Jan. 11, 2008) ("In the Tenth Circuit, it is well established that, in order for a corporation to appear in court, it must be represented by counsel"); *Edizone, L.C. v. Cloud Nine*, Case No. 1:04-cv-117, 2007 U.S. Dist. LEXIS 62424, * 3 (D. Utah Aug. 23, 2007) (Stewart, J.) ("It has been a 'long-standing rule that a corporation must be represented to appear in federal court'").

Plaintiff has not appointed counsel in this matter.  On this basis alone, this case must be dismissed and Defendant requests entry of an order dismissing this case.

**II. ALTERNATIVELY, THIS CASE SHOULD BE DISMISSED AS A SANCTION FOR FAILURE TO COMPLY WITH DISCOVERY IN THIS CASE OR DISCOVERY SHOULD BE COMPELLED.**

**A. A Sanction of Dismissal should be Entered by this Court.**

A sanction of dismissal is appropriate when a party fails to comply with discovery in a case.  *See Anthony v. Alorica, Inc.*, 380 Fed. Appx. 766, 767 (10th Cir. 2010).  The United States Court of Appeals for the Tenth Circuit set forth factors to consider in determining whether or not dismissal is an appropriate sanction for not complying with discovery, which include: (1) the

degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *See Brigham Young Univ. v. Pfizer, Inc.*, 262 F.R.D. 637, 643 (D. Utah 2009).

Applying these factors to this case, dismissal is appropriate. First, Plaintiff brought this action. Defendant will be greatly prejudiced in this case if Plaintiff does not provide discovery necessary for Defendant to be able to defend itself in this case that Plaintiff has already refused to produce. Second, Plaintiff is interfering with the judicial process by not complying with discovery in this case. In fact, the Withdrawal Motion makes clear that the Plaintiff refuses to comply with its discovery obligations and on that basis, Plaintiff's counsel withdrew from this matter. Third, Plaintiff is culpable in this matter because it refuses to participate in discovery in this case. Fourth, although this Court has not warned Plaintiff that dismissal is a possible sanction for failure to comply with discovery with this case, the fifth factor weighs in favor of Defendant as lesser sanctions are not likely to be efficacious in this case. This is based on the fact that Plaintiff's former counsel has already represented to this Court that Plaintiff refuses to participate in discovery in this case and was willing to lose their counsel, rather than comply with its discovery obligations.

Based on these facts, the Court should dismiss this case based on Plaintiff's failure to comply with its discovery obligations in this case.

  **B.** **Alternatively, Defendant is Entitled to an Order Compelling Production of Discovery by Plaintiff.**

Plaintiff has completely failed to respond to Defendant's Discovery Requests. Defendant's counsel attempted to obtain answers and responses to the discovery request from Plaintiff's counsel before he withdrew because Plaintiff would not comply with its discovery obligations in this case. In the event this Court does not dismiss this case, as it should , Defendant is entitled to an order compelling Plaintiff to immediately provide answers and produce the documents in their possession or control responsive to Defendant's Discovery Requests.

**III.** **DEFENDANTS ARE ENTITLED TO ATTORNEYS' FEES FOR BRINGING THIS MOTION TO COMPEL.**

Rule 37(a)(5)(A) provides that, if a motion to compel is granted, the court must require "the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Courts have discretion under the rules to not award attorneys' fees if there was not a good faith effort to obtain the disclosure, the objection was substantially justified, or other circumstances make the award of expenses unjust. *See id*. However, none of these circumstances apply in this motion.

In this case, Plaintiff has completely refused to participate in discovery resulting in the withdrawal of their counsel. Since Plaintiff's counsel withdrew, Plaintiff has not appointed counsel or responded to Defendant's Discovery Requests. Accordingly, Defendant is entitled to their attorneys' fees for having to bring this motion to compel.

## **CONCLUSION**

Plaintiff's case should be dismissed based on Plaintiff's failure to appoint counsel in this matter.  Alternatively, the case should be dismissed as a discovery sanction.  Alternatively, this Court should enter and Order compelling Plaintiff to immediately provide answers and produce documents in response to the Defendant's Discovery Requests and Defendant should be awarded its costs and fees for bringing this motion.

DATED this 25th day of May 2011.

RAY QUINNEY & NEBEKER P.C.


 /s/ Matthew N. Evans
Matthew N. Evans

*Attorneys for Defendant Nevada State Bank*

1137551

**CERTIFICATE OF SERVICE**

I hereby certify that on May 25, 2011, I electronically filed the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND ALTERNATIVE MOTION TO COMPEL AND FOR SANCTIONS** and mailed a copy of the foregoing via first class mail, postage prepaid, to the following:

> 800 NRP,LLC
> c/o Cliff Redekop
> 28 Anthem Creek Circle
> Henderson, NV 89052

    /s/ Shauna L. Beckstead

1137551