IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| 800 NRP,<br><br>    Plaintiff,<br><br>vs.<br><br>NEVADA STATE BANK,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DISMISSING CASE<br><br><br><br>Case No. 2:10-CV-1006 TS |

This matter is before the Court on Defendant Nevada State Bank's Motion to Dismiss and Alternative Motion for Sanctions.[1] For the reasons provided below, the Court will grant Defendant's Motion and dismiss Plaintiff's case.

I. BACKGROUND

On April 19, 2011, Plaintiff's counsel filed a motion to withdraw "due to [P]laintiff's failure to comply with discovery requests which has prevented him from fulfilling his legal representation and [P]laintiff's failure to pay agreed upon legal fees."[2] Plaintiff's counsel was

---

[1]Docket No. 16.

[2]Docket No. 12.

1

allowed to withdraw from this case on April 28, 2011.[3] In its Order granting withdrawal, the Court stated as follows:

> New counsel must file a Notice of Appearance within twenty-one (21) days after the entry of this order unless otherwise ordered by the Court. Pursuant to Utah DUCivR 83-1.3, no corporation, association, partnership or other artificial entity may appear pro se, but must be represented by an attorney who is admitted to practice in this court.
> A party who fails to file a Notice of Substitution of Counsel or Notice of Appearance as set forth above, may be subject to sanctions pursuant to Federal Rule of Civil Procedure 16(f)(1), including, but not limited to dismissal or default judgment.[4]

On November 9, 2011, this Court issued an order to show cause, instructing Plaintiff to respond within fourteen days and inform the Court of the status of the case and its intentions to proceed.[5] In its Order to Show Cause, the Court once more warned Plaintiff that "continued failure to comply with the orders of the Court will result in sanctions, including terminating sanctions." To date, Plaintiff has failed to inform the clerk of the appointment of another attorney nor has a Notice of Appearance been filed on behalf of Plaintiff.

## II.  DISCUSSION

Federal Rule of Civil Procedure 41(b) states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

---

[3]*See* Docket No. 15.

[4]*Id*. at 1-2.

[5]Docket No. 20.

The Tenth Circuit has identified certain factors to consider in determining whether a dismissal under Rule 41(b) is warranted. These factors include: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the plaintiff; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[6]

In the instant action, Defendant has been prejudiced by being required to continue to appear, litigate, and attempt to conduct discovery in a case where Plaintiff refuses to participate. Defendant is actually prejudiced by the cost and expenditure required to continue to litigate a claim with an uncooperative Plaintiff. Plaintiff's continued refusal to abide by Court orders also constitutes a continuing interference with the judicial process. Plaintiff, as a corporation, cannot appear before the Court without counsel, and yet, Plaintiff appears to be unwilling to obtain new counsel. This failure is directly attributable to Plaintiff. As such, Plaintiff is directly culpable for the delay in this case. Plaintiff's unwillingness to participate in discovery led to the withdrawal of its previous counsel and Plaintiff's unwillingness to obtain new counsel prevents the Court from hearing its claims.

The Court has warned Plaintiff on multiple occasions that continued noncompliance with the Federal and Local Rules and orders of the Court would result in sanctions, including terminating sanctions. Plaintiff has been given multiple opportunities to bring itself into compliance with the Court's orders and applicable rules. This Court made clear in its Order to Show Cause that failure to file a Notice of Substitution of Counsel or Notice of Appearance

---

[6]*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

would result in sanctions, including terminating sanction. Moreover, the Court finds that any lesser sanction is unlikely to be efficacious where Plaintiff has demonstrated a history of unwillingness to cooperate in discovery, or abide by court orders and Federal and Local Rules.

### III. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Defendant's Motion to Dismiss and Alternative Motion to Compel and for Sanctions (Docket No. 16) is GRANTED. The Clerk of Court is directed to close this case forthwith.

DATED   December 2, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge